# THE CITY OF CHICAGO
### *v.*
# CHARLES M. EDWARDS.

1. CHICAGO—*power of the board of police to remove certain appointees—construction of sec.* 10 *ch.* 10 *of the city charter.* E was appointed by the board of police of the city of Chicago, at the request of the board of health, a "police patrolman" for the term of one year. Six months afterwards, by the joint action of the board of police and the board of health, he was removed, without any cause being assigned therefor. In an action brought by E to recover his salary for the unexpired portion of said term, it was *held*, that such appointment did not create a contract between E and the

city which neither party could rescind without the consent of the other, and that his removal was legal under the provisions of sec. 10 of ch. 10 of the charter of said city.

2. That sec. 10 of ch. 10 of the city charter, under which E was removed, expressly provides "that persons so appointed may be removed at any time by the board of police, without assigning any cause therefor;" and this law being a public act, E must be presumed to have known, when he accepted his appointment, that his term of office could be terminated at any time.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. I. N. STILES, for the appellant.

Messrs. DRISCOLL & PFIRSHING, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Upon the written request of the board of health of the city of Chicago, the appellee was appointed by the board of police a "police patrolman," for the term of one year from the 12th day of April, 1867, and detailed to the sanitary squad to do sanitary duty. The appellee entered upon and discharged the duties of his appointment for the period of about six months, at which time, at the request of the board of health, he was discharged from service. No cause is assigned for his discharge. The appellee was fully paid for his services up to the time of his discharge, and this suit is brought to recover pay for the remainder of the year for which he was appointed.

It is now insisted that the appointment of the appellee as police patrolman for the term of one year, created a contract between him and the city for that period, which neither party could disregard without the consent of the other. The question is not entirely free from difficulty, but we do not think the law under which the appointment was made, will bear the construction sought to be given to it by the counsel for the appellee.

The appointment was doubtless made under the provisions of the 6th section of chapter 4 of the act of 1867. By the

express provisions of that section, "police patrolmen," appointed in the manner therein provided, are "to be subject to the rules and regulations of the police department."

It is true, that the appellee was not in the regular police service of the city. He was appointed at the request of the board of health, under the power conferred to appoint "additional police patrolmen," and detailed to the "sanitary squad" for duty. By the 10th section of chapter 10 of the city charter, it is expressly provided, "that persons so appointed may be removed at any time by the board of police, without assigning any cause therefor."

The appellee was removed from office by the joint action of the board of health and the board of police, and we think, under the provisions of the 10th section above cited, they had the clear right at any time to remove him, without assigning any cause therefor. The board of health are invested with a discretion to determine when and for what length of time the public welfare requires the services of "additional police patrolmen."

The law under which the appellee was removed was a public act, and the appellee is presumed to have known, when he accepted his appointment, that his term of office could be terminated at any time when the necessity for such service no longer existed.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*